Case number 19-5464 United Steel Paper and Forest et al v. LLFlex LLC Oral arguments not to exceed 15 minutes per side. Mr. Manish Sharma for the appellants. Good afternoon. Thank you, your honors. May it please the court. My name is Manish Sharma and I represent the United Steel Workers in this appeal. I'd like to reserve three minutes for Mr. Sharma. The district court dismissed the union's suit on two grounds. The union did not have standing to compel arbitration of its grievance that alleged a violation of the CBA that it is a party to and that contains an arbitration provision. That was the first ground. The second ground was that the union's grievance was not arbitrable because the CBA's arbitration provision was not susceptible of an interpretation that covers the party's dispute. Both of these determinations were made in error and I'll address them in turn. So turning first to the question of standing. In Cooper Tire, this court explained that a union has standing to compel arbitration of a grievance regarding retiree benefits where a union and company bargain for retiree benefits and include that benefit in a contract. In that situation, the union has standing to represent the retirees in any dispute concerning those benefits. All right, counsel, the collective bargaining agreement that we're, that's at issue in this case is the collective bargaining agreement of September 1st, 2017 through August 31st, 2020. Where in that does it provide for retiree benefits? Sure, so in article, and we allege this in the complaint, in paragraph six of the complaint, we allege that in article 19 of the CBA, if you look at article 19 subsection H, the operative language there is, it reads, it says parathetical historical and it says the retiree medical provisions were modified as follows. Effective June 30th, 2017, retiree medical eligibility was terminated. So it's terminated, so there are no retiree health benefits under this collective bargaining agreement. No, your honor. What is it, what is there to arbitrate since the benefits don't exist? The next sentence of that says anyone who did not retire under the DB plans, the defined benefit plan, by June 29th, 2017 is not eligible for retiree medical. You're not eligible, okay, I still don't see any benefits. Our theory of the grievance, the union's theory of the grievance is that those who did retire prior to June 29th, 2017, continue to be eligible for. Under maybe another collective bargaining agreement, but not the one at issue, right? That, your honor, not under our interpretation of this agreement, the purpose of placing this language into this current CBA, which only addresses people termination date prior to the CBA, was to preserve it, in part to preserve the eligibility of those who retired prior to the cutoff. I'm saying if there's another collective bargaining agreement that these retirees have some rights under, it may be subject to arbitration, but it's a different case. It's not the case that we have before us. No, I don't believe that that's right, your honor, for this reason. One is that the union's theory of this grievance is that in this provision, the company agreed to continue unmodified for the term of this CBA, those retiree benefits of the people who retired prior to the June. Do we have those prior CBAs in the record? We do not have them in the record. Okay, so I can't, I mean, I look for them, they're not in the record. The only one we have in the record is the September 1, 2017 through August 31, 2020, which doesn't provide for retiree health benefits. So, even though it's hypothetical that there may be some rights under previous collective bargain agreements, I mean, I can't review it. It's not an issue. Your honor, the union's benefits were in place at that time. Because those employees already in the existing retiree coverage remain, is that correct? Exactly. The benefits they were receiving, they continue to receive for the term of this agreement. That was part of the agreement here. And your honor, you may or may not agree with that, but that is the union's position and its position is that it must present that argument to an arbitrator. Well, it was allowed to present that argument, was it not, in the grievance proceeding? Didn't it go through the first three steps of the grievance proceeding? That's right. That's right. It made the argument. And it's not in the record, but the company did, and it disputed the arbitrability, as it does here. But it also took the position that this provision established eligibility, but disputed the union's position, which is that the company couldn't change the pricing structure, the premium structure. This article 19 includes a number of references to healthcare, does it not? That's to the premiums there. So effectively, the argument is, as I'm understanding it, that the retirees, you might be able to change the premium for the active employees, but you cannot change the premium for the retired employees that remain in that very plan that was negotiated. Is that correct? That is the union's argument. And it's understood that the company would, in response, argue at arbitration exactly what you're arguing, Judge Griffin, that this doesn't make a promise for those type of benefits, or that doesn't make a promise to maintain the benefits unchanged. But that's an argument that goes to the merits, and the union is trying to submit that argument to an arbitrator. I don't think that's a question of standing. Can you explain the difference between constitutional standing and standing, as the word is used in the context of a collective bargaining agreement's arbitration procedures? Sure, Your Honor. You know, constitutional standing is the idea that you have to suffer an arbitrability. So as far as what we're doing here, I mean, I think what you're getting at, Judge Strange, is the idea of, is this sort of the second part of the district court's decision, the arbitrability aspect, which is, is this a dispute that's covered by the terms of the Constitution? Does the union have the ability to come to the court and ask it to compel arbitration, which is what it's doing? That's a question of standing, constitutional standing. The question of arbitrability is, you know, after you get past standing, then there's a question of arbitrability, whether or not this is actually a dispute that the parties have agreed to submit to arbitration, which is determined by the courts. It's a question for the courts, typically, and is a question that is determined by interpreting the arbitration provision. Read it in light of the presumption of arbitrability to determine whether or not it covers the dispute that the parties have in the grievance. All right. How do you respond to, the employer says that, I mean, standing is, you have to assert your own rights. You have to have your own injury and not a third person. The employer apparently argues that the retirees are not, no longer union members. They're not part of the union, and therefore you're asserting, trying to assert rights of third parties. Your complaint alleges that you have received consent by some of the retirees, but that doesn't even provide a majority or whatever. What is your basis for third party standing here? There's a couple of points. First of all, in this court, in Cooper Tire and in a part of Yardman that was not overruled in Tackett. Part of it wasn't overruled? I don't want to hear Yardman. That's for sure. The court has recognized, and the Supreme Court recognized in the Pittsburgh Pipe Glass case that the active employees in a union would have an interest in the proper administration of the party's bargain as it relates to retirees, that they have an interest in that, and so they can assert. In fact, in Cooper Tire, the court said that a union's assertion of rights outside the bargaining unit is not dispositive of the duty to arbitrate because of that interest. Then when it gets to the question of consent, consent is a requirement for arbitration of those individual retirees who want to have the union arbitrate their claims. Therefore, having some is sufficient, and especially we're at the compel arbitration stage. The court in Cleveland Electric talks about having consent at arbitration, not at the stage well before arbitration, but at arbitration itself. It also said that the sufficiency of the adequacy of the consent in the form of the consent is a question for the arbitrator to decide and rejected the idea that you had to have consent from 100 percent of the same things. In fact, the Seventh Circuit in Exelon Generation found that the union had sufficient consent because they had consent from seven retirees out of 6,000 effective retirees. They said seven was enough. The court in Complex said 77 percent was enough. I haven't seen a decision. I haven't seen a court, a circuit, accept the position or adopt the position. You have to have 100 percent consent in order to proceed to arbitration. I am running out of time. I wanted to address arbitrability briefly. The court in Cleveland Electric was clear that the presumption of arbitrability applies to grievances that cover retiree benefit disputes. It is a rebuttable presumption, is it not? Sure. It is not conclusive. It doesn't stand on its own. I wouldn't argue that it does. They argue that it has been rebutted here by the clear terms of the collective bargaining agreement. You say it hasn't. You say it is subject to multiple interpretations. They say it is only subject to one interpretation. What is your strongest argument for concluding that this case, that the CBA should be read to cover the grievance filed by the union? Sure. The district court largely points at the use of the word employee in the arbitration provisions. Here, that is what you have. You have a difference or a grievance or dispute between the company and the active employees about the way the company is that the active employees have an interest in how that is administered and that that difference can exist between the company and those employees. The language doesn't say that the employee can only bring a grievance related to his or her own employment terms. The language can be read that they can bring it on behalf of others and that they here would have an interest that is sufficient to raise that. What of our cases do you think most supports that? Unfortunately, these cases are dependent on the language of each agreement. There is an agreement that fits squarely with this language. I do think that Cooper Tire and Cleveland Electric are read you read the words to see if the subject fits within the words of the agreement. You can read that here, certainly. There is the Kellogg Company case, which is not a retiree case, but it is similar in that you read the language of the arbitration agreement and see if this dispute fits within it. Are you saying that the employees can bring the arbitration claim for the retirees? That is your position? That is right. The language, for instance, it says any grievances or differences that might arise between the that retirees are employees. Are you? No. All right, any further questions, Judge Batchelder? No, I don't think so. Judge Scranton? No, thank you. Okay, you'll have your three minutes rebuttal. Let's hear from the Appellee. Good morning, Your Honors. My name is Joel Bertocchi, and I represent LL Flex, the Defendant Appellee in this case. And I want to start where kind of where the questions to Mr. Sharma finished about the notion that the employees can bring a claim on behalf of retirees. This is not a case in which the employees actually have an interest in the further administration of this benefit. There are cases like that where an employee says, you're screwing up the benefit for this retirees, and I want to retire someday. And I want to get that benefit, and I don't want it to be ruined or misadministered. This is not that case, because subparagraph H of Article 19, Section 1 says this benefit is terminated. So none of the employee who signed this grievance is not going to get that benefit, it's over. And so this case, unlike many of the other cases, the union sites is not going to therefore there is no community of interest between the employees and the retirees about this benefit. Your Honors, the union's arguments center basically on what is possible. And they're right. The problem they have is they've got the wrong collective bargaining agreement to make those arguments. Yes, unions can at times represent the interests of retirees, but only if those union sites all these cases, Cleveland Electric, Dan Pamel, the Michigan Bell case, that have, and all of those cases in the discussion, which says, hey, this is something the union can do, they can do it because the union negotiated that benefit. That benefit is not in this contract. arbitrability, they're in the same boat. Yes, there are times there are contracts under which a union can assert retiree rights to arbitration. This contract is not one of those contracts, the arbitration clause in this contract is limited to employees by its terms and limited to a series of particular issues. And those issues are working conditions, discharges, seniority rights, layoff and re-employment. Your opposing counsel argues that that is a non-exclusive list. Why is that not correct? It's because it doesn't look like it is. In whose estimation? My concern here is that we seem to be jumping, your argument often seems to be jumping to the merits of the issue. Your opposing counsel has argued that this is the earliest part of the decision making in this case. Actually, the only part that is granted to a court to determine is whether this is a case that is susceptible to use through the arbitration provisions. And I'm not sure I understand your argument in light of our existing precedent. Cleveland Electric and Cooper Tire speak not so much to Article III standing as they do of a union's ability to participate in the grievance proceeding itself. And at this stage, why wouldn't we be more nearly in our bakery and confectionery workers case from 2018? With this, I know you argue that this is a more limited arbitration proceeding, but our case there in a two-tiered situation, very much like our own said, arbitration will be denied only if an order to arbitrate the particular grievance should not be denied, unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that governs the asserted dispute and any doubts should be resolved in favor of coverage. You may disagree, but where there is a disagreement under a comparable ruling from this court, it seems to me that arbitration can be compelled. Your Honor, I don't disagree that that's the law. I disagree that this arbitration clause is ambiguous on that subject or that it's subject to another interpretation. If you look at the language of it, Mr. Sharma says that list is not exclusive, but there's no for example language in there. It just lists a number of issues that you can to be the employees of this production employees with some exclusions of this particular plant in Louisville. Well, you're opposing counsel's argument is that it is in fact those employees and the union who under our case law has a right to protect the provisions of the benefits that have gone and will continue to go to its employees have the right to bring this through the grievance procedure. Yes, but the case is also saying that the court has the task of determining arbitrability and yes, it will air if there's ambiguity on the side of saying there's arbitrability. The courts have that duty in the first instance and that's the decision that Judge Stivers made in this case. He concluded that there was no he concluded two things about arbitrability. One is that there is no right to this in the contract that it's silent and in fact it implies otherwise as I think Judge Griffin's questions were suggested. So that's relevant to standing and arbitrability, but he also said there really is no ambiguity. There is no doubt here. The language of this is this is clear and you can compare it to the other cases like Cooper Tire, like Cleveland Electric, which says things like any difference between the union and the company will be arbitrary. That's what a broad arbitration clause looks like and the cases the union sites say if you have a broad arbitration clause you arbitrate. This is not a broad. But you have isn't this why isn't this comparable to bakery and confectionery workers where you have a broader initiating statement of the arbitration proceedings or what can go to arbitration and then you have the steps of the grievance procedure itself and in that you know I've read to you what we handled in that you know it would seem to me the question is whether the court is an error and whether in fact this is a case which can be ordered to arbitration. Your honor the difference is you don't have a broad clause here. You have two arbitration provisions that are that Judge Stivers considered that the only two that are in here one and they're both narrow. One of them include retiree benefits. The other is the procedures and Judge Stivers I think quite perceptively noted that the procedures couldn't be invoked by retirees. They can only be invoked by employees because retirees don't have shop stewards. No one argues that the retirees are employees who are who are bringing this grievance. The union and the current employees brought the grievance and actually worked it through the first three steps of the grievance procedure. Your honor you cannot look at that without looking at whether they're trying to grieve something under the contract. Sorry can you say that again? You can't you can't the court has an obligation to determine arbitrability and they have to determine as a threshold question whether it's related to a right that's under the contract. That's a threshold question. That's not the merit. The merits of this grievance were can the company change the amount of money the employees have to pay for health insurance. That's the merits. We're not talking about that. I don't have any idea what the answer to that question is. No why why why do you help me understand why you get to categorize that is the only merits issue in this because the issue that is that we are looking at is whether those employees may bring a claim related to a negotiated benefit. The negotiated benefit is the medical care plan. Right but there is and so they are bringing something on behalf of people in that plan that they have negotiated into the collective bargaining agreement. I don't understand why in light of the clear case law about the expansiveness and protection of arbitration provisions and not to speak you know not to ignore the steel workers trilogy. The whole point of which was to say that what is going on in labor relations is industrial self-government. We don't want it to go to the courts. It needs to go through the procedures established by the knowledgeable parties. So I'm I'm struggling with your argument that bakery and confectionery doesn't work. I'm looking at local 18 of the operating engineers talking about the paragraphs and the steps of the procedures in which we held to the extent that there is any conflict between the first sentence in the paragraph and the steps of the procedure. This first sentence evidence is a more explicit agreement regarding the broad scope of the arbitration provision than any implicit agreement that might be derived from the steps of the procedure itself and in this case it's already been through the steps of the procedure itself. I don't understand how you can argue that it has not been employed. Your honor if the union can get to arbitration simply by saying they want to get to arbitration then they can arbitrate claims on behalf of anybody. They can arbitrate if they want to. The court has a duty with all due respect the court has a duty to determine whether it's a claim under the contract and as and if it's not there then there's nothing to arbitrate. Well help me no help me understand counsel how that can be correct when in fact current and retiree employees are in and served by a health care plan that was negotiated in this contract and in past contracts as well. Those retirees do not go away. They are in the body of the provision of health care services that these current employees are also in. Now explain to me why and then you ran it through the first three steps of the grievance procedure. Why under the standard that we impose here is that a sufficient connection to say the arbitrator gets to make that decision. You may absolutely win in front of the arbitrator but the question before us is whether that decision is entrusted to the arbitrator. Your honor my argument is based on the difference between this collective bargaining agreement and the ones in those cases which have different arbitration clauses that are different contracts that refer to a negotiated benefit. Here the union is arguing that the benefit is there for the retirees based on silence. The argument they made in their reply brief as well if it's cut off for all the people that retired after this date then it must exist for the people beforehand. You don't let me help me understand you're not claiming that the retirees have been the old existing retirees in the health care program. You're not making a statement to this court that they've been thrown out of that medical plan. No apparently they have not but they're if they're in it they're not in it because of anything in this contract and this contract does not guarantee that. It does not guarantee that their premiums will stay together and if it did that's the merits. I would say so no it's not the merits your honor with all due respect it is and it is the a determination the court must make the court must find roots for the claim in the contract and if it weren't that were the case you wouldn't have discussions about you wouldn't have references in allied chemical and in in Cleveland electric and in Van Pamel and Michigan Bell to it's a negotiated benefit under the contract this is not a negotiated benefit under the contract and you also wouldn't have discussions in those cases about this has to be interpreted by courts under standard provisions of contract law. If the courts had no role in this then they wouldn't there wouldn't be cases saying they have to apply standard provisions of contract law and I would submit in response to the unions it's in there because of silence argument that you would not have a benefit conferred to people who were not at the table for the negotiation of the contract because they were retired they were not employees they were out of it but if you had a benefit from people like that the contract would say so it would not provide that benefit by silence that's normal contract law and that's what courts have to apply and if the court had no role in deciding whether this was arbitrable there wouldn't be cases that say hey apply normal contract law they would just say when a grievance is filed go to arbitration but there there's a standing issue which we really haven't talked about much which affects the court's subject matter jurisdiction where it has to be there under the contract but it has to be arbitrable and I think the judge district judge made the correct decision both looking at the limited language in the arbitration clause which is different than the arbitration clauses in all cases and also looking at the procedures and saying these just don't apply to vindicate these kind of rights and again I'll finish where I started I'll try to make this one sentence which is these employees although they filed the grievance have no community of interest with this benefit because they're never going to get it thank you your honors I appreciate any further questions judge batch elder no thank you uh judge scratch thank you okay uh three minutes rebuttal thank you your honor um on the issue of whether or not the benefit the union essentially has to prove that the benefit exists within the cba again I think that that's an issue that goes straight to the merits of the grievance um and it first of the union alleges that and it's complete alleges that there are is in my office um but that the the union alleges and it's complained that that's what that the meaning of the agreement is um and at a motion and dismiss stage that should be sufficient um second that stand a standard that would require that the union alleges the meaning is this I mean you have to refer to the language of the agreement don't you mean you've got you have to have more than just just a ambiguous meaning I mean you've got to you've got to find some words in it that supports your interpretation don't you sure your honor but we we point to the words of of article 19 and we say this is what we understand that to mean and if that's not sufficient then I would suggest that you this is maybe should be sent back on remands for an evidentiary hearing so that we can submit bargainers to just show what why we think that's what that language means um is is that really an issue of fact I mean or is it an issue of law what what the contract says it's probably a mixed issue of fact and law all right um but regardless I think that that would be an improper standard it would require that the court delve into the merits of the grievance themselves uh to determine whether or not simply the union has standing here that's where we're talking about this issue um and what if the company had simply eliminated the benefit Mr um Bertucci talks about uh well the merits of the grievance have to do with whether or not we can change the the premium pricing but but if the company had simply eliminated the benefit altogether then this would absolutely be a question of the merit the standing question would resolve the merits question and that can't be the standard steelworker trilogy would not allow it to and that's not the union is not required to prove language if this was um let's say if it was a just cause discipline uh uh grievance I haven't seen a case in which the courts have required that the that the union proved that just cause exists the requirement of just cause exists in the contract and I don't see any principled reason why this grievance would be treated differently um and then Mr uh Bertucci says that uh that the employees here don't have a community of interest with the retirees because they won't ever get this benefit but that's not what the court and retire some of the court in yard man it's not what the court in Pittsburgh plate glass uh talked about they said that the active employees have an interest in the administration of the benefits that are bargained um even if it's for past retirees and also that um that these that just because they don't have the benefit now doesn't mean that someday they can't change that uh agreement that they can next contract they can bargain to say they remove the termination date and allow current employees to get those benefits and therefore they would want the benefits that have been um administered properly in the past so that if they are ever eligible for it they know that they can rely on that promise too um thank you for your time all right any uh further questions Judge Batchelder Judge Cranch oh thank you all right thank you counsel uh thank you for your argument uh the case will be submitted you may you may call the next case